WJM:DWS:ml
F.#
DWS20001.IND

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

THOMAS PITERA,
    a/k/a "Tommy Karate",

                Defendant.

- - - - - - - - - - - - - - - - - - -X

FILED

MAR 4 4 56 PM '92

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>90-424 (S-6)(RR)</u>

(18 U.S.C. §§ 2, 924(c),
1952B, 1962(c), and
1963, 3551 <u>et seq.</u>; 21
U.S.C. §§841(a)(1),
841(b)(1)(A) and (C),
846, 848(a), (c),
(e)(1)(A); 26 U.S.C.
§§5812, 5841, 5845,
5861, and 5781)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

1. The Bonanno Organized Crime Family (hereinafter, "the Bonanno Crime Family") is an organization of individuals engaged in criminal activity. It is composed of a "boss", an "underboss", a "consigliere", "captains", and numerous "soldiers". The Bonanno Crime Family operates through "crews" headed by "captains" or "soldiers" in the Family. Members of the crews who are not "captains" or "soldiers" are considered to be "associates" of the Bonanno Crime Family.

2.    From at least November 1986 and continuing until on or about June 3, 1990, both dates being approximate and inclusive, the defendant THOMAS PITERA, a/k/a "Tommy Karate", was a soldier in the Bonanno Crime Family and supervised a crew in the Bonanno Crime Family.

3.    From at least November 1986 and continuing until June 3, 1990, both dates being approximate and inclusive, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, including but not limited to Richard David, a/k/a "Richie Davis", Vincent Giattino, a/k/a "Kojak", Thomas Carbone, a/k/a "Jerry Buccheri" and "Uncle", William Bright, a/k/a "Billy Bright", Lloyd Modell, a/k/a "Lorenzo", Manny Maya, Joseph Senatore, a/k/a "Joe Dish", Frank Gangi, Michael Cassese, Richard Leone, Dennis Michael Harrigan, Frank Martini, a/k/a "Frankie Jupiter", and Louis Mena, associated together and with others for the purpose of, among other things, committing crimes of violence and distributing heroin, cocaine and marijuana. The association in fact of the defendant and others constituted an "enterprise" (hereinafter referred to as the "PITERA CREW of the Bonanno Crime Family") as defined by Title 18, United States Code, Section 1961(4). The PITERA CREW of the Bonanno Crime Family engaged in and affected interstate and foreign commerce.

4.    To further their goals, which were to earn money and gain prestige in the PITERA CREW of the Bonanno Crime Family, as well as to protect and enhance the reputation and position of the PITERA CREW of the Bonanno Crime Family within the Bonanno

Crime Family and with respect to others, members of the PITERA CREW engaged in various forms of criminal activity, including (a) robberies, assaults, kidnaping, and murders; and (b) distribution of narcotics and other drug controlled substances.

5. From at least November 1986 and continuing until June 3, 1990, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, including but not limited to Richard David, a/k/a "Richie Davis", Thomas Carbone, a/k/a "Jerry Buccheri" and "Uncle", William Bright, a/k/a "Billy Bright", Lloyd Modell, a/k/a "Lorenzo", Manny Maya, Joseph Senatore, a/k/a "Joe Dish", Frank Gangi, Michael Cassese, Richard Leone, Dennis Michael Harrigan, Frank Martini, a/k/a "Frankie Jupiter", and Louis Mena, all being employed by and associated with the PITERA CREW did knowingly, wilfully and unlawfully conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity.

The pattern of racketeering activity through which the affairs of the enterprise were conducted and in which the defendant and others participated consisted of the following:

<u>RACKETEERING ACT NUMBER ONE</u>

In or about June 1987, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally cause the death of another person, to wit: Talal Siksik, in violation of Sections 125.25 and 20.00 of the New York Penal Law.

## RACKETEERING ACT NUMBER TWO

On or about September 27, 1987, within the Southern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally cause the death of another person, to wit: Phyllis Burdi, in violation of Sections 125.25 and 20.00 of the New York Penal Law.

## RACKETEERING ACT NUMBER THREE

On or about October 6, 1987, within the Southern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally cause the death of another person, to wit: Marek Kucharsky, in violation of Sections 125.25 and 20.00 of the New York Penal Law.

## RACKETEERING ACT NUMBER FOUR

On or about April 24, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally cause the death of another person, to wit: Joseph Balzano, in violation of Sections 125.25 and 20.00 of the New York Penal Law.

## RACKETEERING ACT NUMBER FIVE

On or about August 29, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally cause the death of another person, to wit: Wilfred "Willie Boy" Johnson, in violation of Sections 125.25 and 20.00 of the New York Penal Law.

## RACKETEERING ACT NUMBER SIX

In or about July 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally conspire to cause the death of other persons, to wit: Carlos Acosta and Fernando Aguilera, and, among other things, Lloyd Modell, a/k/a "Lorenzo", did shoot and kill those individuals at 1445 Shore Parkway, Brooklyn, New York on July 22, 1988, in violation of Sections 105.15 and 125.25 of the New York Penal Law.

### RACKETEERING ACT NUMBER SEVEN

On or about March 15, 1989, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally cause the death of other persons, to wit: Richard Leone and Solomon Stern, in violation of Sections 125.25 and 20.00 of the New York Penal Law.

### RACKETEERING ACT NUMBER EIGHT

In or about November 1987, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others did abduct another person, to wit: Raymond Albertina, with the intent to compel a third person to pay or deliver money or property as ransom, in violation of Sections 135.25 and 20.00 of the New York Penal Law.

### RACKETEERING ACT NUMBER NINE

In or about November 1987, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did forcibly steal property from premises located at 43-72 171st Street, Flushing, New York, while one or more of the participants in the crime was armed with a deadly weapon, in violation of Sections 160.15 and 20.00 of the New York Penal Law.

### RACKETEERING ACT NUMBER TEN

On or about May 5, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did forcibly steal property from premises located at 1737 East 23rd Street, Brooklyn, New York, while one or more of the participants in the crime was armed with a deadly weapon, in violation of Sections 160.15 and 20.00 of the New York Penal Law.

### RACKETEERING ACT NUMBER ELEVEN

In or about and between November 1986 and June 3, 1990, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally conspire to distribute and possess with intent to distribute cocaine, heroin, and marijuana, Schedules I and II narcotic and nonnarcotic drug controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### RACKETEERING ACT NUMBER TWELVE

On or about July 28, 1987, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", did knowingly and intentionally possess with intent to distribute and distribute heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### RACKETEERING ACT NUMBER THIRTEEN

On or about July 22, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### RACKETEERING ACT NUMBER FOURTEEN

From in or about May 1989 and continuing until December 1989, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally distribute marijuana, a Schedule I nonnarcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### RACKETEERING ACT NUMBER FIFTEEN

On or about September 21, 1989, within the Northern District of Texas and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally attempt to possess with intent to distribute marijuana, a Schedule I nonnarcotic drug controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

(Title 18, United States Code, Sections 1962(c), 1963, and 3551 et seq.).

## COUNT TWO

In or about and between November 1986 and June 3, 1990, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally engage in a continuing criminal enterprise in that they possessed with intent to distribute and distributed heroin, cocaine, and marijuana, and conspired to possess with intent to distribute heroin, cocaine, and marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, which violations, including but not limited to the violations set forth in Counts Six, Seven, Eight, and Nine of this Indictment, incorporated herein by reference, were part of a continuing series of violations of said statutes undertaken by the defendant THOMAS PITERA, a/k/a "Tommy Karate", in concert with at least five (5) other persons with respect to whom the defendant THOMAS PITERA, a/k/a "Tommy Karate", occupied the position of organizer, supervisor, or manager, and from which continuing series of violations the defendant THOMAS PITERA, a/k/a "Tommy Karate", obtained substantial income and resources.

(Title 21, United States Code, Sections 848(a) and (c); Title 18, United States Code, Sections 3551 et seq.).

## COUNT THREE

1. Count Two of the indictment is realleged as if fully set forth herein.

2. On or about March 15, 1989, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, while engaged in and working in furtherance of a continuing criminal enterprise, did knowingly and intentionally kill and counsel, command, induce, procure and cause the intentional killing of Richard Leone and Solomon Stern, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.).

## COUNT FOUR

In or about and between May 1987 and August 1988, both dates being approximate and inclusive, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, for the purpose of maintaining and increasing their positions in the PITERA CREW of the Bonanno Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Wilfred "Willie Boy" Johnson, in violation of Sections 105.15 and 125.25 of the New York State Penal Law.

(Title 18, United States Code, Sections 2, 1952B(a)(5) and 3551 et seq.).

## COUNT FIVE

On or about August 29, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, for the purpose of maintaining and increasing their positions in the PITERA CREW of the Bonanno Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Wilfred "Willie Boy" Johnson, in violation of Sections 125.25 and 20.00 of the New York State Penal Law.

(Title 18, United States Code, Sections 2, 1952B(a)(1) and 3551 et seq.).

## COUNT SIX

From in or about November 1986 and continuing until June 3, 1990, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally conspire to distribute and possess with intent to distribute cocaine, heroin, and marijuana, Schedules I and II narcotic and nonnarcotic drug controlled substances.

(Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Sections 3551 et seq.).

## COUNT SEVEN

On or about July 28, 1987, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally possess

with intent to distribute and distribute heroin, a Schedule I narcotic drug controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.).

## COUNT EIGHT

On or about July 22, 1988, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.).

## COUNT NINE

From in or about May 1989 and continuing until December 1989, within the Eastern District of New York and elsewhere, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally distribute marijuana, a Schedule I drug controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.).

## COUNT TEN

From in or about March 1987 and continuing until June 3, 1990, both dates being approximate and inclusive, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally carry and use firearms, including a Mossburg shotgun, an Interarms shotgun, an H & R .32 caliber semi-automatic pistol, serial number 3473, a Heckler & Koch 9 millimeter semi-automatic pistol, serial number 15077, a Stevens Model No. 311 double barrel shotgun, a pen gun, a lighter gun, and a .22 caliber silencer, during and in relation to the drug trafficking crime set forth in Count Six of this Indictment.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

## COUNT ELEVEN

In or about 1989 and continuing until on or about June 1, 1990, both dates being approximate and inclusive, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally carry and use an RPB Industries Model M-10 machine gun equipped with a silencer, serial number obliterated, during and in relation to the drug trafficking crime set forth in Count Six of this Indictment.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

COUNT ~~TWELVE~~ *ELEVEN*

In or about 1989 and continuing until on or about June 1, 1990, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally possess an RPB Industries Model M-10 machine gun equipped with a silencer, serial number obliterated, which was not registered to him in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5841, 5845(a), 5861(d) and 5871; Title 18, United States Code, Sections 2 and 3551 et seq.).

COUNT ~~THIRTEEN~~ *TWELVE*

In or about 1989, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally transfer an RPB Industries Model M-10 machine gun equipped with a silencer, serial number obliterated, to another individual, without having complied with the provisions of Title 26, United States Code, Section 5812.

(Title 26, United States Code, Sections 5812, 5845(a), 5861(e) and 5871; Title 18, United States Code, Sections 2 and 3551 et seq.).

COUNT FOURTEEN /3

In or about June 1987, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", did knowingly and intentionally carry and use a firearm equipped with a silencer during and in relation to a crime of violence, to wit: the murder of Talal Siksik.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

COUNT FIFTEEN /4

On or about September 27, 1987, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally carry and use a firearm equipped with a silencer during and in relation to a crime of violence, to wit: the murder of Phyllis Burdi.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

COUNT SIXTEEN /5

On or about April 24, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally carry and use a firearm during and in relation to a crime of violence, to wit: the murder of Joseph Balzano.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

## COUNT SEVENTEEN 16

On or about August 29, 1988, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally carry and use a firearm during and in relation to a crime of violence, to wit: the murder of Wilfred "Willie Boy" Johnson.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

## COUNT EIGHTEEN 17

On or about March 15, 1989, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", and others, did knowingly and intentionally carry and use a firearm during and in relation to a crime of violence, to wit: the murders of Richard Leone and Solomon Stern.

(Title 18, United States Code, Sections 924(c), 2, and 3551 et seq.).

## COUNT NINETEEN 18

On or about June 3, 1990, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", did knowingly and intentionally possess a firearm, to wit:  a pen gun, which was not registered to him in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5841, 5845(a) and (e), 5861(d) and 5871; Title 18, United States Code, Sections 3551 et seq.).

## COUNT TWENTY 19

On or about June 3, 1990, within the Eastern District of New York, the defendant THOMAS PITERA, a/k/a "Tommy Karate", did knowingly and intentionally possess a firearm, to wit: a lighter gun, which was not registered to him in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5841, 5845(a) and (e), 5861(d) and 5871; Title 18, United States Code, Sections 3551 et seq.).

A TRUE BILL

_____
FOREPERSON

ANDREW J. MALONEY
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK